| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| **Caption in Compliance with D.N.J. LBR 9004-2(c)**<br><br>Carrie J. Boyle, Esquire<br>BOYLE & VALENTI LAW, P.C.<br>10 Grove Street<br>Haddonfield, NJ 08033<br>Telephone: (856) 499-3335<br>Facsimile: (856) 499-3304<br>E-Mail: cboyle@b-vlaw.com<br><br>*Attorneys for the Debtor* | |
| In Re:<br><br>JESSE & ANNIE BISHOP,<br><br>　　　　　　　　　Debtor. | Chapter 13<br><br>Case No. 21-10976 (MBK)<br><br>Hearing: August 25, 2021 at 9AM |

### SUPPLEMENTAL CERTIFICATION OF COUNSEL, CARRIE J. BOYLE

1. I, Carrie J. Boyle, am the attorney for Jesse and Annie Bishop, who are the Debtors in the above referenced matter and make this supplemental certification in support of the Debtor's Application for Loss Mitigation Out of Time.

2. According to the letter from the mortgagee attached its prior submission which denied the Debtors request for a loan modification, it stated that The Debtors' loan "is not eligible for a modification *at this time*" (emphasis added).

3. The prior submission for a loan modification was done outside of the Bankruptcy Court's Loss Mitigation Program.

4. I have seen on occasion that a repeated effort through the loss mitigation portal can result in a favorable outcome after a loan modification had been previously denied.

5. The Debtors are post-petition current with their mortgage payments. The mortgagee is adequately protected while the Debtors attempt to acquire a loan modification through the Loss Mitigation Program.

6. The Debtors are 82 and 86 years old and need to stay in their home. I hope that through use of the portal that the mortgagee and I may effectively communicate to hopefully accomplish a loan modification for these Debtors.

7. I also submitted the attached appeal letter to the mortgagee which states additional facts to take into consideration with regard to these Debtors and the pending motion.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: 8/18/21

By: _____
Carrie J. Boyle, Esquire

# BOYLE & VALENTI LAW, P.C.

10 Grove Street  
Haddonfield New Jersey 08033

ph: (856) 499-3335  
fax: (856) 499-3304

cboyle@b-vlaw.com

August 10, 2021

*via email:* Relationship.Manager@spservicing.com *and U.S. Mail*

Ms. Martha Temple  
Relationship Manager  
Select Portfolio Servicing, Inc.  
PO Box 65277  
Salt Lake City, UT 84165-0277

Re: Jesse & Annie Bishop, 66 Evergreen Drive, Willingboro, NJ 08046  
Account No.: 0013323613  
Chapter 13 Case No. 21-10976

Dear Ms. Temple:

I represent the above homeowners, Jesse and Annie Bishop, in their current chapter 13 case. I am writing to appeal the recent denial of a loan modification of their mortgage. Although I am aware that this letter is dated thirty-four (34) days after the date of the denial letter, I ask that you please still reconsider this matter for the following reasons.

1. In response to the denial letter, on August 2, 2021, I filed a Motion to Apply for Loss Mitigation in the bankruptcy court as that is a method adopted in the District of New Jersey for parties in bankruptcy to interact with their mortgage servicers concerning loan modifications. A copy of this motion is attached for your reference. By filing this motion, I was in effect asking for an appeal of the denial and an opportunity to communicate with SPS through a loss mitigation portal in another attempt to get the Bishops a mortgage loan modification.

   You will see in the certification contained in the motion that these homeowners are eighty-six (86) and eighty-two (82). Moving from their home may cause irreparable harm to them physically. They have difficulty seeing and moving from the only place where they are familiar with their surroundings would be extremely difficult for them to ever adjust and live.

2. The denial of the loan modification for the Bishops states that the payment reduction would be insufficient. But, the Bishops are not seeking a payment reduction. They are looking to bring the loan current. They are able to afford the current payments and furthermore, they seek to have the property taxes and insurance payments escrowed with

their monthly payments, if that is an option. In fact the Bishops have been paying about five-hundred dollars ($500) extra each month since I filed their bankruptcy case on February 3, 2021 believing that taxes and insurance are escrowed with their payment.

Would you please share with me more about the payment reduction you arrived at in this case? No reduction is necessary. But, I would like to understand your reasoning behind this equation at little more please.

3. When I filed their bankruptcy case, I was unaware that they were behind on their mortgage. They are easily confused and I do not think that they knew they were behind, in the least to the extent of how much they were behind. But, since I have had them in bankruptcy, they have made all of their required mortgage payments, trustee payments, and they even have a confirmed chapter 13 plan. This is a new "regime" for them with financial assistance from their daughter and guidance from me. They can make the monthly payments.

Please give these borrowers another chance and reconsider their loan medication, or at least let us apply again in light of these circumstance for approval of a loan modification to bring the loan current.

If you have any further questions or need anything further please do not hesitate to contact me at (856) 499-3335.

Thank you for your consideration of this request.

Sincerely,
BOYLE & VALENTI LAW, P.C.

Carrie J. Boyle, Esquire

Encl.

cc:     Denise Carlon, Esquire

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>Caption in Compliance with D.N.J. LBR 9004-2(c)<br><br>Carrie J. Boyle, Esquire<br>BOYLE & VALENTI LAW, P.C.<br>1940 Route 70 East, Suite 4<br>Cherry Hill, NJ 08003<br>Telephone: (856) 499-3335<br>Facsimile: (856) 499-3304<br>E-Mail: cboyle@b-vlaw.com<br><br>*Attorneys for the Debtor* | |
| In Re:<br><br>JESSE & ANNIE BISHOP,<br><br>        Debtors. | Chapter 13<br><br>Case No. 21-10976 (MBK)<br><br>Hearing Date: August 11, 2021 |

## NOTICE OF MOTION TO APPLY FOR LOSS MITIGATION OUT OF TIME

**PLEASE TAKE NOTICE** that on August 11, 2021, at 9:00 am or as soon thereafter as counsel can be heard, Carrie J. Boyle, Esquire ("Boyle"), counsel for the Debtors, Jesse and Annie Bishop, shall move before the Honorable Michael B. Kaplan, U.S.B.J., sitting in the United State Bankruptcy Court, United States Courthouse, 402 East State Street, Courtroom #8, Trenton, New Jersey, for the entry of an Order granting Debtors to apply for loss mitigation.

**YOUR RIGHTS MAY BE AFFECTED**. You should read these papers carefully and discuss them with your attorney, if you have one, in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you do not want the Court to grant the relief requested in the Motion, then on or before the return date of August 11, 2021, before the Honorable Michael B. Kaplan, U.S.B.J., sitting in

the United State Bankruptcy Court, United States Courthouse, 402 East State Street, Courtroom #8, Trenton, New Jersey, you or your attorney must: File with the Court a written response explaining your position at:

> United States Bankruptcy Court
> District of New Jersey - Trenton Vicinage
> 402 East State Street
> Courtroom #8
> Trenton, NJ 08608

If you mail your response to the Court for filing, you must mail it early enough so the Court will receive it before the date stated above. You must also mail a copy to:

> Carrie J. Boyle, Esq.
> Boyle & Valenti Law, P.C.
> 1940 Route 70 East, Suite 4
> Cherry Hill, NJ 08003

Attend the hearing to be held on August 11, 2021, at 9:00 a.m., before the Honorable Michael B. Kaplan, U.S.B.J., sitting in the United State Bankruptcy Court, United States Courthouse, 402 East State Street, Courtroom #8, Trenton, New Jersey 08608.

**PLEASE TAKE FURTHER NOTICE** that all opposition to the Motion must be in writing and filed with the Clerk of the Court, with a copy served upon movant's counsel, whose name and address are set forth above, within the time required by the rules governing the Court (not later than 7 days prior to the scheduled hearing date unless otherwise ordered by the court).

**PLEASE TAKE FURTHER NOTICE** that if written opposition is not timely filed and served this Motion may be deemed uncontested and the relief requested may be granted without the need for a hearing.

**PLEASE TAKE FURTHER NOTICE** that in support of the Motion, movant shall rely upon the Certification and brief, which are filed and served herewith.

Dated: August 2, 2021

**Boyle & Valenti Law, P.C.**
Counsel to the Debtor

By: /s/Carrie J. Boyle
    Carrie J. Boyle, Esquire

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| Caption in Compliance with D.N.J. LBR 9004-2(c)<br><br>Carrie J. Boyle, Esquire<br>BOYLE & VALENTI LAW, P.C.<br>1940 Route 70 East, Suite 4<br>Cherry Hill, NJ 08003<br>Telephone: (856) 499-3335<br>Facsimile: (856) 499-3304<br>E-Mail: cboyle@b-vlaw.com<br><br>*Attorneys for the Debtor* | |
| In Re:<br><br>JESSE & ANNIE BISHOP,<br><br>       Debtors. | Chapter 13<br><br>Case No. 21-10976 (MBK)<br><br>Hearing Date: August 11, 2021 |

### CERTIFICATION OF CARRIE J. BOYLE IN SUPPORT OF MOTION TO APPLY FOR LOSS MITIGATION OUT OF TIME

Carrie J. Boyle, Esquire, of Boyle & Valenti Law, P.C., the attorney for the Debtors, Jessie and Annie Bishop (the "Debtors"), hereby submits this certification in Support of Debtor's Motion to Apply for Loss Mitigation Out of Time (the "Motion"), and in support thereof, states as follows:

1. Jesse and Annie Bishop filed the subject Chapter 13 to save their home from a tax sale foreclosure.

2. When their case was filed on February 3, 2021, it was unknown to me that the Bishops were also behind on their mortgage payments because the mortgage company paid some of the Bishop's property taxes in the past, but then stopped doing

Case 21-10976-MBK    Doc 38    Filed 08/18/21    Entered 08/18/21 14:14:04    Desc Main
Document    Page 9 of 11

Case 21-10976-MBK    Doc 27-1    Filed 08/02/21    Entered 08/02/21 14:48:06    Desc
Certification of Carrie J. Boyle in support of Motion    Page 2 of 4

so which resulted in the sale of the tax certificate to a third party.

3. The Bishops were previously approved for a loan modification in November 2016, which appeared to include monthly payments of principal and interest, and an escrow for property taxes and insurance.

4. Sometime thereafter, based on conversations with his mortgagee, Mr. Bishop ceased paying the escrow portion of the mortgage payment.

5. Mr. Bishop is eighty-six (86) years old and Annie Bishop is (82) years old. They told me that they were confused about the information that they were hearing from their mortgagee about the monthly payments.

6. On April 13, 2021, the mortgagee Duetsche Bank filed a proof of claim in the Debtor's case showing the Debtors to be $34,222.38 past due to the mortgagee.

7. As the extent of the mortgage arrearage was unknown at the time the bankruptcy case was filed, the mortgagee arrearage was not taken into account when proposing the Debtor's Chapter 13 Plan and the attorney for the mortgagee accordingly objected to confirmation of the Debtor's Plan.

8. I was unaware of the extent of the past due amounts to the mortgagee as the Bishops were not in foreclosure with the mortgagee and never directed any correspondence from the mortgagee to my attention, if any existed, concerning being past due on the mortgage.

9. In addition to other necessary reasons, in order to propose a Chapter 13 Plan to cure the past due property taxes, the Debtors' daughter Jessie Canty moved in with the Debtors and contributes to the Debtors' monthly expense obligations so that the Debtors can pay all of their bills, including a mortgage payment complete with an escrow payment, and the Chapter 13 Trustee payment.

10. In order to resolve the mortgagee's objection to confirmation of the Debtors' Plan, the Debtors and the mortgagee entered into a consent order wherein it was agreed that the Debtors will enter into a loan modification by September 1 to cure their mortgage arrears.

11. On or about June 11, 2021, the Debtors submitted a loan modification package to Select Portfolio Servicing, Inc. ("SPS"), the servicer for the mortgagee, in hopes of obtaining a loan modification. This was done outside of the Court's Loss Mitigation Program in an effort to save time in the loan modification process.

12. The Debtors are elderly and neither the Debtors nor their daughter are able to use technology to transmit paperwork back and forth to my office or other offices from where paperwork needed to have been obtained to complete the requests for additional paperwork for SPS by the deadlines it imposed.

13. Additionally, the Debtors were denied a loan modification because of their status as being debtors in bankruptcy.

14. If the Debtors had submitted their loan modification through the Bankruptcy Court's Loss Mitigation Program and associated portal, perhaps the Debtor's loan modification request would have been reviewed under a different light knowing that the Debtors are currently in an active bankruptcy.

15. Additionally, my office has a complete loan modification package with all supplemental documents ready to be uploaded to the loss mitigation portal.

16. The Debtor's Chapter 13 case was confirmed on July 28, 2021.

17. The Debtors are current with their post-petition mortgage payments.

18. The Debtors need a loan modification to save their home.

For the above stated reasons, it is respectfully requested that an order be entered

permitting the Debtors to Apply for Loss Mitigation Out of Time through the District of New Jersey Bankruptcy Court's Loss Mitigation Program.

**Boyle & Valenti Law, P.C.**
Counsel to the Debtor

Dated: August 2, 2021

By: /s/Carrie J. Boyle
Carrie J. Boyle, Esquire